The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, PUGET SOUND SECURITY, INC., a Washington corporation, PACIFIC NORTHWEST ASSOCIATION OF INVESTIGATORS, INC., a Washington corporation, FIREARMS ACADEMY OF SEATTLE, INC., a Washington corporation, DARRYL LEE, XEE DEL REAL, JOE WALDRON, GENE HOFFMAN, ANDREW GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB FAMILY REVOCABLE LIVING TRUST, A Washington trust, and SECOND AMENDMENT FOUNDATION, a non-profit organization,<br><br>                Plaintiffs,<br>   v.<br><br>BOB FERGUSON, Attorney General of Washington (in his official capacity), WASHINGTON ATTORNEY GENERAL'S OFFICE, and JOHN R. BATISTE, Chief of the Washington State Patrol (in his official capacity), and DOES I-V,<br><br>                Defendants. | NO. 3:14-cv-6026 BHS<br><br>ANSWER TO COMPLAINT |

Defendants answer Plaintiffs' Complaint as follows, referencing its headings and paragraphs.

ANSWER TO COMPLAINT         1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

## I. INTRODUCTION

1. Defendants admit that the Plaintiffs brought this action to challenge the decision of Washington voters in enacting Initiative 594 ("I-594") to require background checks for certain "transfers" of firearms.

2. Paragraph 2 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 2 is denied.

3. Paragraph 3 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 3 is denied.

4. Paragraph 4 states a legal conclusion as to which no response is required. To the extent an answer is required, Paragraph 4 is denied.

## II. THE PARTIES

5. Defendants lack sufficient information to admit or deny paragraph 5 and therefore deny paragraph 5.

6. Defendants lack sufficient information to admit or deny paragraph 6 and therefore deny paragraph 6.

7. Defendants lack sufficient information to admit or deny paragraph 7 and therefore deny paragraph 7.

8. Defendants lack sufficient information to admit or deny paragraph 8 and therefore deny paragraph 8.

9. Defendants lack sufficient information to admit or deny paragraph 9 and therefore deny paragraph 9.

10. Defendants lack sufficient information to admit or deny paragraph 10 and therefore deny paragraph 10.

11. Defendants lack sufficient information to admit or deny paragraph 11 and therefore deny paragraph 11.

12. Defendants lack sufficient information to admit or deny paragraph 12 and therefore deny paragraph 12.

13. Defendants lack sufficient information to admit or deny paragraph 13 and therefore deny paragraph 13.

14. Defendants lack sufficient information to admit or deny paragraph 14 and therefore deny paragraph 14.

15. Defendants lack sufficient information to admit or deny paragraph 15 and therefore deny paragraph 15.

16. Defendants admit the first sentence of paragraph 16. The second and third sentences of paragraph 16 state legal conclusions as to which no response is required. To the extent an answer to those sentences is required, they are denied. The fourth sentence of paragraph 16 is admitted.

17. Defendants admit the first clause of paragraph 17 stating that Defendant, Washington Attorney General's Office ("AGO"), is an agency of the state of Washington headed by the Attorney General. The remainder of paragraph 17 states legal conclusions as to which no response is required. To the extent an answer to the remainder is required, it is denied.

18. Defendants admit the first sentence of paragraph 18. The second sentence of paragraph 18 states legal conclusions as to which no response is required. To the extent an answer to that sentence is required, it is denied. The third sentence of paragraph 18 is admitted.

19. Defendants lack sufficient information to admit or deny the first and second sentences of paragraph 19 and therefore deny the first and second sentences of paragraph 19. Defendants deny the third sentence of paragraph 19, as Fed. R. Civ. P. 15 and Fed. R. Civ. P. 16 (b)(4) govern the amendment of pleadings.

1  20. Paragraph 20 requires no response. Defendants lack sufficient information to admit or deny the footnote to paragraph 20 and therefore deny the footnote to paragraph 20.

### III. JURISDICTION AND VENUE

21. Paragraph 21 states a legal conclusion as to which no response is required, and to the extent a response is required Defendants deny.

22. Defendants admit that this Court has personal jurisdiction over each of the named Defendants, other than the Does, because they are residents of the state of Washington. The remainder of the sentence states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the remainder of paragraph 22.

23. Defendants admit paragraph 23.

### IV. STATEMENT OF FACTS

**A.    I-594**

**1.    Enactment Of I-594**

24. Defendants admit paragraph 24.

25. With regard to paragraph 25(a)-(g):

(a) Defendants admit that paragraph 25(a) accurately quotes language from Initiative 594 § 2(17) as codified at RCW 9.41.010(17).

(b) Defendants admit that paragraph 25(b) accurately quotes language from Initiative 594 § 2(25) as codified at RCW 9.41.010(25), with the exception that that the quote in paragraph 25(b) includes a comma between the words "payment" and "including" that is not included in the original.

(c) Defendants admit that paragraph 25(c) summarizes the language from Initiative 594 § 3(1)-(3) as codified at RCW 9.41.113(1)-(3).

(d) Defendants admit that paragraph 25(d) includes and references some of the exemptions contained in Initiative 594.

(e) Defendants admit that paragraph 25(e) refers to Initiative 594 § 3(4)(d) as codified at RCW 9.41.113(4)(d) but clarify that the language states in full: "Any law enforcement or corrections agency and, to the extent the person is acting within the course and scope of his or her employment or official duties, any law enforcement or corrections officer, United States marshal, member of the armed forces of the United States or the national guard, or federal official."

(f) Defendants admit that paragraph 25(f) refers to Initiative 594 § 4 as codified at RCW 9.41.092, which speaks for itself. To the extent this paragraph seeks to interpret the language of Initiative 594, RCW 9.41.090, or RCW 9.41.092, it states a legal conclusion as to which no response is required. To the extent a response is required, defendants deny.

(g) Defendants admit that paragraph 25(g) references Initiative 594 § 9 as codified in RCW 9.41.115, which speaks for itself. To the extent this paragraph seeks to interpret the language of Initiative 594, RCW 9.41.090, or RCW 9.41.092, it states a legal conclusion as to which no response is required.

**2.     Interpretation And Enforcement Of I-594**

26. Defendants admit that the Washington State Patrol announced that the agency would not arrest or issue citations to individuals trading firearms amongst themselves as part of a specific planned protest to the passing of Initiative 594.

27. Defendants admit that, as stated in the first sentence of paragraph 27, the Washington Department of Fish and Wildlife issued guidance on some elements of I-594 on December 2, 2014. The remainder of that paragraph characterizes the guidance, but the guidance speaks for itself, and Defendants deny the remainder of the paragraph.

28. Defendants admit that paragraph 28 accurately quotes part of the Washington Department of Licensing website. The website also states that the Department of Licensing will "continue to provide guidance to the public and licensed firearms

dealers about forms for pistol sales and transfers" and "the process to notify us if you acquire a pistol upon the death of the prior owner."

29. Defendants lack sufficient information to admit or deny paragraph 29 and therefore deny paragraph 29.

**B.  Washington's Firearm Licenses**

30. Paragraph 30 states a legal conclusion as to which no response is required.

31. Defendants admit that Washington State issues concealed pistol licenses and armed private security guard licenses. Defendants lack sufficient information to admit or deny the remainder of paragraph 31 and therefore deny the remaining averments in paragraph 31.

    **1.  CPL**

32. RCW 9.41.070 speaks for itself. To the extent paragraph 32 is not quoting the statute, it states legal conclusions as to which no response is required.

*Washington Armed Private Security Guard and Private Investigator Licenses*

33. RCW 18.65 and 18.170 speak for themselves. To the extent Paragraph 33 characterizes those statutes, it states legal conclusions as to which no response is required.

34. RCW 18.65 and 18.170 speak for themselves. To the extent Paragraph 34 characterizes those statutes, it states legal conclusions as to which no response is required.

35. RCW 18.65 and 18.170 speak for themselves. To the extent Paragraph 35 characterizes those statutes, it states legal conclusions as to which no response is required.

    **2.  Federal Law Enforcement Officer's Safety Act**

36. With regard to paragraph 26, Defendants admit that 18 U.S.C. §926C allows certain qualified retired law enforcement officers to carry concealed firearms under certain

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

circumstances and that RCW 36.28A.090 provides the mechanism in Washington State to allow certain qualified retired law enforcement officers to meet the certification requirements of 18 U.S.C. § 926C. Paragraph 26 otherwise states legal conclusions as to which no response is required.

**C.    I-594's Infringement On Constitutional Rights**

   **1.    Second Amendment**

37.   Paragraph 37 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 37 is denied.

38.   Paragraph 38 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 38 is denied.

39.   Paragraph 39 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 39 is denied.

40.   Paragraph 40 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 40 is denied.

41.   Paragraph 41 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 41 is denied.

42.   Paragraph 42 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 42 is denied.

43.   Paragraph 43 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 43 is denied.

   **2.    Vagueness**

44.   Paragraph 44 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 44 is denied.

45.   Defendants lack sufficient information to admit or deny the averments in paragraph 45 relating to Plaintiffs' understanding of a "transfer" under Initiative 594 and therefore deny paragraph 45. Additionally, paragraph 45 states legal conclusions as to

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

which no response is required. To the extent an answer is required, Paragraph 45 is denied.

46. Defendants lack sufficient information to admit or deny the averments in paragraph 46 relating to Plaintiffs' understanding of a "person" under Initiative 594 and therefore deny paragraph 46. Additionally, paragraph 46 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 46 is denied.

47. Defendants lack sufficient information to admit or deny paragraph 47 and therefore deny paragraph 47.

48. Paragraph 48 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 48 is denied.

## V. CAUSES OF ACTION

**A. Count I- Right To Keep And Bear Arms; U.S. Constitution, Amendments II And XIV; WA Constitution, Art. I, Section 24, and 42 U.S.C. § 1943**

49. Paragraph 49 requires no response.

50. Defendants admit that the first sentence of paragraph 50 accurately quotes the Second Amendment of the United States Constitution. The cases *District of Columbia v. Heller*, 544 U.S. 570 (2008), and *Peruta v. County of San Diego*, 742 F.3d 1144 (9th Cir. 2014), cited in sentences two through four speak for themselves and any characterization of them is a legal conclusion as to which no response is required and to the extent an answer is required are denied. The final sentence of paragraph 50 states a legal conclusion as to which no response is required and to the extent an answer is required is denied.

51. Paragraph 51 states legal conclusions as to which no response is required.

52. Paragraph 52 does not accurately quote Article I, Section 24 of the Washington State Constitution, which states that "the right of the individual citizen to bear arms in

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

|   |   |   |
|---|---|---|
| 1 |    | defense of himself or the state, shall not be impaired." Moreover, the characterization of the right as "similar, although broader" is a legal conclusion as to which no response is required and to the extent an answer is required is denied. |
| 4 | 53. | Paragraph 53 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 53 is denied. |
| 6 | 54. | Paragraph 54 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 54 is denied. |
| 8 | 55. | Paragraph 55 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 55 is denied. |

**B.    Count II- Void for Vagueness-**

    **1.    U.S. Constitution , Amendment XIV and WA Constitution, Art. I, Section 3**

56. Paragraph 56 requires no response.

57. Paragraph 57 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 57 is denied.

58. Defendants admit paragraph 58 accurately quotes Article I, Section 3 of the Washington State Constitution, however, the characterization of the right as "similar, although broader" is a legal conclusion as to which no response is required and to the extent an answer is required is denied.

59. Paragraph 59 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 59 is denied.

60. Paragraph 60 states legal conclusions as to which no response is required. To the extent an answer is required, Paragraph 60 is denied.

Having fully answered the Complaint as required by Fed. R. Civ. P. 8(b), the Defendants set forth the following affirmative defenses.

### VI.    AFFIRMATIVE DEFENSES

1. The Plaintiffs have failed to state a claim upon which relief may be granted.

2. The Plaintiffs have failed to set forth irreparable harm or any other basis upon which injunctive relief is available.

3. The Plaintiffs lack standing.

4. The Plaintiffs' claims are not ripe for review.

5. Lack of jurisdiction as to certain claims under the Eleventh Amendment.

6. Certain of the Plaintiffs' claims are barred by the doctrine of prosecutorial immunity.

## VII. PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in any portion of their Complaint.

In consideration of the above, the State requests that judgment be entered as follows:

1. That all relief requested in Plaintiffs' Complaint be denied;

2. That all of the Plaintiffs' claims against the State be dismissed with prejudice and judgment entered in favor of Defendants;

3. That Defendants be awarded their costs and fees; and

4. For such other and further relief as the court deems just and equitable.

DATED this 27th day of January, 2015

ROBERT W. FERGUSON
  *Attorney General*

NOAH G. PURCELL, WSBA # 43492
  *Solicitor General*

s/ *R. July Simpson*
R. JULY SIMPSON, WSBA #45869
  *Assistant Attorney General*

JEFFREY T. EVEN, WSBA #20367
  *Deputy Solicitor General*

REBECCA R. GLASGOW, WSBA #32886
  *Deputy Solicitor General*

PO Box 40100
Olympia, WA  98504-0100
360-753-6200
Counsel for Bob Ferguson, Washington Attorney General's Office and John R. Batiste