Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, PUGET SOUND SECURITY, INC., a Washington corporation, PACIFICA NORTHWEST ASSOCIATION OF INVESTIGATORS, INC., a Washington corporation, FIREARMS ACADEMY OF SEATTLE, INC., a Washington corporation, DARRYL LEE, XEE DEL REAL, JOE WALDRON, GENE HOFFMAN, ANDREW GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB FAMILY REVOCABLE LIVING TRUST, a Washington trust, and SECOND AMENDMENT FOUNDATION, a non-profit organization,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BOB FERGUSON, Attorney General of Washington (in his official capacity), WASHINGTON ATTORNEY GENERAL'S OFFICE, and JOHN R. BATISTE, Chief of the Washington State Patrol (in his official capacity), and DOES I-V,<br><br>　　　　　　　　　Defendants. | No. 3:14-cv-6026 BHS<br><br>CHERYL STUMBO, WASHINGTON ALLIANCE FOR GUN RESPONSIBILITY, AND EVERYTOWN FOR GUN SAFETY ACTION FUND FOR I-594'S MOTION TO INTERVENE AS DEFENDANTS<br><br>NOTE ON MOTION CALENDAR: MARCH 13, 2015 |

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 1
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24(b), Cheryl Stumbo, the Washington Alliance for Gun Responsibility ("WAGR"), and Everytown for Gun Safety Action Fund for I-594 ("Everytown for I-594") (collectively, "Proposed Intervenors") seek to intervene as defendants in this lawsuit challenging the constitutionality of Initiative 594 ("I-594" or "Initiative"). The named Defendants have consented to the Proposed Intervenors' Motion to Intervene as Defendants.

The Proposed Intervenors should be allowed to join this suit as Defendants for these reasons: Proposed Intervenors were integral to the creation and passage of I-594. They drafted the Initiative, sponsored its submission to the Washington Secretary of State, litigated the ballot title language, gathered the required number of signatures to qualify it for consideration by the Washington Legislature and the people, advocated for its passage in the Legislature, and spearheaded the campaign that resulted in the people passing I-594 with an over 59% "yes" vote. Proposed Intervenors have a defense that shares with the main action common questions of law and fact, and similar intervenors (*i.e.*, proponents and sponsors of ballot initiatives) in other cases decided under Ninth Circuit law have been allowed to intervene as defendants under similar circumstances. Additionally, the current motion is timely, and intervention at this early stage of the case would create no prejudice. Thus, the requirements of FRCP 24(b) are met. Accordingly, Proposed Intervenors request that this Court grant intervention to protect their interests as proponents and sponsors of I-594, as well as the interests of the voters who approved the Initiative.

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 2
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

## II. FACTS

**A. Proposed Intervenors are the principal parties behind I-594, including its Citizen-Sponsor, its registered ballot committee and campaign, and a Washington State ballot committee established to pass I-594.**

1. *The Proposed Intervenors.*

Ms. Stumbo is a survivor of gun violence and an advocate for gun safety laws. Declaration of Cheryl Stumbo ("Stumbo Decl.") ¶ 2. Ms. Stumbo was critically injured on July 28, 2006, when a mentally unstable gunman stormed into the offices of the Jewish Federation of Greater Seattle and shot her and five of her co-workers, killing one person. *Id.* The gunman shot Ms. Stumbo in the abdomen at point-blank range, but after more than 20 surgeries over three years, she recovered. *Id.* Since her recovery, Ms. Stumbo has dedicated herself to preventing gun violence, and in that capacity she has worked to pass reforms to Washington's gun laws, particularly with respect to closing the background check loophole. *Id.* ¶ 3. She is currently employed as an outreach associate with Everytown for Gun Safety Action Fund, the nation's largest gun violence prevention organization, where she works to engage gun violence survivors and others in fighting for common-sense gun laws. *Id.* ¶ 4.

WAGR, a 501(c)(4) nonprofit organization, is a coalition of Washington citizens and organizations working together to find solutions to reduce gun violence. Declaration of Zach Silk ("Silk Decl.") ¶ 2. WAGR was the driving force behind I-594, which closed the background check loophole for sales and transfers of guns in Washington State. *Id.* ¶ 3. WAGR focused on closing the background check loophole to further its organizational goal of keeping guns out of the hands of individuals legally prohibited from possessing them, including felons and persons courts have determined to be dangerously mentally ill. *Id.* ¶ 4.
STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 3
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Everytown for I-594 is a registered Washington State ballot committee formed to support passage of I-594. Declaration of Tara Paone ("Paone Decl.") ¶ 2. Everytown for I-594 was established in July 2014 by Everytown for Gun Safety Action Fund, which fights for public safety measures that both respect the Second Amendment and improve public safety. *Id.* ¶ 3. Everytown for I-594 was formed in order to provide over 45,000 grassroots supporters and 27 mayors in Washington State an avenue to help pass I-594, and save lives by requiring all Washingtonians to undergo the same background check when buying a gun. *Id.* ¶ 4.

2.  *The Proposed Intervenors drafted, sponsored, and worked to ensure I-594's passage.*

The Proposed Intervenors' efforts in drafting, sponsoring, and advocating for passage of I-594 were integral to the Initiative's existence and success. In early 2013, WAGR drafted the Initiative as an initiative to the Washington Legislature.[1] Silk Decl. ¶ 5. On June 11, 2013, with Ms. Stumbo serving as the official Citizen-Sponsor of the Initiative, WAGR filed I-594 with the Washington Secretary of State. *Id.* ¶ 6; Stumbo Decl. ¶ 5. On July 1, 2013, WAGR and Ms. Stumbo filed an appeal of the Washington Attorney General's proposed ballot title for I-594 because they did not believe the proposed title met their intent in drafting the Initiative. Silk Decl. ¶ 7; Stumbo Decl. ¶ 6. WAGR and Ms. Stumbo briefed the matter and presented oral argument to the trial court. Silk Decl. ¶ 7. After the trial court issued the final ballot title, WAGR circulated petitions and gathered sufficient citizen signatures to qualify the Initiative for presentation to the Washington Legislature (and ultimately the people). *Id.* ¶ 8. WAGR submitted 346,834 signatures, well in excess of the number required. *Id.*

---

[1] Under the Washington Constitution, initiatives may be proposed either to the Legislature or to the people. If an initiative qualifies as an initiative to the Legislature and the Legislature fails to act on the proposal, then the measure is sent to the people for a vote. Wash. Const. art. II, § 1.

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 4
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

The Proposed Intervenors then worked during the 2014 legislative session to have the Legislature approve I-594, including presenting testimony to the Legislature on the importance of background checks. *Id.* ¶ 9; Stumbo Decl. ¶ 7. When the Legislature did not act on the Initiative, it was placed on the November 4, 2014 general election ballot. Silk Decl. ¶ 10. WAGR registered with the Washington State Public Disclosure Commission as the primary I-594 ballot committee. *Id.* Everytown for I-594 registered with the Washington State Public Disclosure Commission as a ballot committee to support I-594's passage. Paone Decl. ¶ 2.

The Proposed Intervenors then proceeded to spearhead the campaign to pass I-594. Stumbo Decl. ¶ 7; Silk Decl. ¶ 11; Paone Decl. ¶ 5. As the primary campaign committee working in support of I-594, WAGR's campaign activities included significant fundraising, get-out-the-vote efforts, speaking at public events, debates, and media interaction. Silk Decl. ¶ 11. WAGR engaged thousands of Washington residents in meaningful volunteer work, including making tens of thousands of phone calls and thousands of door visits to Washington voters statewide. *Id.* WAGR also directly communicated with Washington voters through direct mail and digital and television advertising making the case for I-594. *Id.* WAGR and its representatives, including Ms. Stumbo, were also the primary agents arguing for I-594 in the media, at forums, and at editorial board interviews. *Id.*; Stumbo Decl. ¶ 7. Everytown for I-594 also played a critical role by collecting funds and in-kind donations to support the campaign, and working with WAGR to enlist grassroots support and mobilize voters. Paone Decl. ¶ 5. Over the course of the campaign, Everytown for I-594 engaged Washington residents by knocking on doors and making thousands of phone calls; in the final three weeks of the campaign alone, the committee supported more than 300 volunteer shifts, and generated more than 15,000 total

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 5
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

canvassing attempts, including phone calls and door knocks. *Id.* On November 4, 2014, the people passed I-594 with a 59.27% "yes" vote. In sum, the Proposed Intervenors played a critical role in all phases of I-594's proposal and enactment.

**B.     Plaintiffs challenged I-594 shortly after it took effect.**

The Initiative took effect on December 4, 2014. On December 30, 2014, Plaintiffs filed their Complaint challenging I-594's validity on state and federal constitutional grounds. Dkt. No. 1. The State has filed an Answer to the Complaint. Dkt. No. 10. No substantive briefing of the issues has taken place.

### III.     EVIDENCE RELIED UPON

This motion is based on the Declarations of Cheryl Stumbo, Zach Silk, and Tara Paone, and the pleadings on file with this Court.

### IV.     AUTHORITY AND ARGUMENT

A party may intervene in an action either as a matter of right or by permission. Fed. R. Civ. P. 24. Proposed Intervenors request intervention by permission.

Fed. R. Civ. P. 24(b)(1) governs permissive intervention here: "On timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact." Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In the Ninth Circuit, an applicant seeking permissive intervention must prove it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 6
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

the applicant's claims.[2] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

When the above threshold criteria are met, a court has broad discretion in determining whether a party should be allowed to participate in the action. *Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 740 (9th Cir. 2011). In exercising its discretion, a court generally examines several additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). As a general rule, intervenors are permitted to litigate fully once admitted to a suit. *Doe v. Harris*, No. C12-5713 TEH, 2013 WL 140053, at *3 (N.D. Cal. Jan. 10, 2013) (rejecting plaintiffs' proposed limitations on intervenors' participation).

### A. The Proposed Intervenors have a defense that shares common questions of law and fact with Plaintiffs' action: the constitutionality of I-594.

To qualify for permissive intervention, the would-be intervenor's claim or defense must share a common question of law or fact with the main action. In other words, the intervenor's claim or defense must "relate to the subject matter of the action . . . before the district court." *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993). In *Jackson v. Abercrombie*, 282 F.R.D. 507, 511-12 (D. Haw. 2012), the Hawaii Family Forum ("HFF") had spearheaded the

---

[2] This factor is inapplicable here, as Proposed Intervenors seek to intervene as Defendants and thus present no claims, but only defenses. *See* Section IV.C, *infra*.

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 7
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

campaign in support of a marriage law amendment, including running advertisements, coordinating voter registration and get-out-the-vote projects, and testifying in the state legislature in defense of the law. When a lawsuit was filed against the marriage amendment, HFF sought to intervene as a defendant. *Id.* The District Court determined, "HFF seeks to intervene to defend the constitutionality of Hawaii's marriage laws. Because this is the precise issue raised by Plaintiffs' claims, there are common questions of law and fact between HFF's defense and the main issues of the case." *Id.* at 520. Proposed Intervenors here are no different: Ms. Stumbo, WAGR, and Everytown for I-594 seek to defend the Initiative that they wrote, sponsored and worked to pass in the Legislature and at the ballot box. Their proposed defense of I-594 addresses the exact issues raised by Plaintiffs' claims—i.e., whether I-594 is constitutional—and therefore shares common questions of law and fact with the allegations in this proceeding. The Proposed Intervenors meet the first requirement for permissive intervention.

**B.      This Motion to Intervene is timely.**

To determine whether a motion to intervene is timely, the Ninth Circuit considers: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reason for and length of delay before moving for intervention. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007); *U.S. E.E.O.C. v. Global Horizons, Inc.*, CV. No. 11-00257 DAE-RLP, 2012 WL 874868, at *3 (D. Haw. Mar. 13, 2012) (applying this standard in permissive intervention context). The Proposed Intervenors meet all three of the timeliness factors. The Plaintiffs' Complaint was filed December 30, 2014. Dkt. No. 1. While the State has filed its Answer, the parties have not filed any substantive motions and the Court has not issued any substantive rulings. Existing parties are not prejudiced when a motion to intervene is filed before any substantive rulings by the court.

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 8
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996); *see also U.S. E.E.O.C.*, 2012 WL 874868 at *3 (finding motion to intervene timely when filed in early stages of civil action when no discovery had occurred). The only orders entered thus far are scheduling orders and discovery instructions. *See* Dkt. Nos. 4, 5. Intervention will enable the Proposed Intervenors to participate from the very early stages of this case without disrupting or delaying the proceedings. Further, the State does not oppose intervention. This Motion is timely.

### C. The independent jurisdictional grounds requirement does not bar permissive intervention where the Proposed Intervenors seek only to defend I-594.

In *Freedom from Religion Foundation*, the Ninth Circuit explained that the independent ground for jurisdiction requirement for permissive intervention stems from the concern that intervention might be used to enlarge inappropriately the jurisdiction of district courts. *See* 644 F.3d at 843. This concern "manifests itself most concretely" in diversity cases where proposed intervenors seek to litigate state-law claims over which the district court would not otherwise have jurisdiction. *Id.* In federal-question cases, however, the jurisdictional requirement only prevents the enlargement of federal jurisdiction where the proposed-intervenor seeks to bring state-law claims into the suit. *Id.* Based on these recognitions, the Ninth Circuit "clarif[ied] that the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new [state-law] claims." *Id.* Here, jurisdiction is based on federal question (Dkt. No. 1 at 11) and Proposed Intervenors seek intervention solely to defend I-594, not to assert any new state law claims. The independent jurisdictional requirement does not apply.

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 9
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

D.  **Additional factors weigh in favor of permissive intervention.**

The Proposed Intervenors meet the three threshold requirements for permissive intervention as explained above. Further, several *Spangler* discretionary factors also weigh in favor of permissive intervention. Given their extensive involvement and investment in drafting, sponsoring, and campaigning for I-594, the Proposed Intervenors have a significant interest in defending its constitutionality. Indeed, Proposed Intervenors have a unique history with I-594 that spanned more than 18 months prior to its passage. As the primary drafters, sponsors and campaign engine for the Initiative, Proposed Intervenors have insight into the Initiative's language and intent not currently represented by the parties in this action. Their participation will significantly contribute to the full development and just and equitable adjudication of the underlying factual and legal issues in the suit, and will not delay or prejudice adjudication of the original parties' rights.

Several courts within the Ninth Circuit have granted similar requests from official proponents of legislation. In *Doe v. Harris*, private citizens/proponents of a proposition establishing reporting requirements for registered sex offenders sought to intervene in an action challenging the constitutionality of the proposition, in which the Attorney General was already defending the law. *Doe*, 2013 WL 140053 at *1. The court noted that the proponents' arguments in defense of the proposition "address the questions of law and fact at the heart of this action." *Id.* at *2. The court further noted, "[T]his is a federal question case in which the party on whose side intervention is sought—the Attorney General—remains in the suit. The Ninth Circuit has held that in such cases, the requirement of independent Article III standing does not

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 10
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

apply to proposed intervenors who, like Proponents, do not seek to raise additional claims." *Id.*

The court granted permissive intervention, observing:

> [T]he Court anticipates that the presence of Proponents in this suit will contribute to the just and equitable resolution of the issues before it. Proponents seek only to ensure that their perspective on the matters at the heart of this litigation are given due consideration; they do not request to bring any counterclaims or cross-claims. As the California Supreme Court has observed, the participation of official proponents in a suit challenging a ballot initiative may help ensure that the interests of the voters who approved the initiative are fully represented and that "all viable legal arguments in favor of the initiative's validity are brought to the court's attention." *Perry v. Brown*, 52 Cal.4th 1116, 1151, 134 Cal.Rptr.3d 499, 265 P.3d 1002 (2011). The Court finds that the potential for Proponents to make such contributions outweighs the as yet abstract danger that delay or prejudice to the original parties could result from Proponents' formal participation as intervenors. The Court will therefore grant permissive intervention.

*Id.*; *see also Jackson v. Abercrombie*, 282 F.R.D. at 520 (discussed *supra*; allowing proponents of ballot initiative to intervene as defendants).

Similarly, here the participation of Ms. Stumbo, WAGR, and Everytown for I-594 will ensure that the interests of the voters who approved I-594 are fully represented. The Proposed Intervenors satisfy the standard for and should be granted permissive intervention.

## V.  CONCLUSION

For the foregoing reasons, the Proposed Intervenors respectfully request that the Court grant their Motion to Intervene in this proceeding. A proposed answer to Plaintiffs' Complaint is filed concurrently.

///

///

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 11
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

DATED this 23rd day of February, 2015.

          PACIFICA LAW GROUP LLP

          By  /s/ Gregory J. Wong
               Paul J. Lawrence, WSBA #13557
               Gregory J. Wong, WSBA # 39329
               Sarah S. Washburn, WSBA # 44418

          Attorneys for Proposed Intervenors Cheryl Stumbo, Washington Alliance for Gun Responsibility, and Everytown for Gun Safety Action Fund for I-594

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO INTERVENE - 12
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2015, I electronically filed the foregoing document with the United States District Court ECF system, which will send notification of such filing to the following:

David B. Edwards
Steven W. Fogg
Corr Cronin Michelson Baumgardner & Preece
1001 4th Avenue
Suite 3900
Seattle, WA 98154-1051
Phone: 206.625.8600
Email: dedwards@corrcronin.com
Email: sfogg@corrcronin.com

Mikolaj T. Tempski
Tempski Law Firm PS
40 Lake Bellevue
Suite 100
Bellevue, WA 98005
Phone: 425.998.6203
Email: Miko@TempskiLaw.com

*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*

Jeffrey T. Evan
Noah Purcell
R. July Simpson
Rebecca Ripoli Glasgow
Solicitor General
Washington State Attorney General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
Phone: 360-753-6200
Email: noahp@atg.wa.gov
Email: jeffe@atg.wa.gov
Email: RJulyS@atg.wa.gov
Email: RebeccaG@atg.wa.gov

*Attorneys for Defendants*

Signed at Seattle, Washington this 23rd day of February, 2015.

Dawn M. Taylor

STUMBO, WAGR, AND EVERYTOWN'S MOTION TO
INTERVENE - 13
Case No. 3:14-cv-6026 BHS

20085 00004 eb23bv14cv.002

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500