THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, PUGET SOUND SECURITY, INC., a Washington corporation, PACIFIC NORTHWEST ASSOCIATION OF INVESTIGATORS, INC., a Washington corporation, FIREARMS ACADEMY OF SEATTLE, INC., a Washington corporation, DARRYL LEE, XEE DEL REAL, JOE WALDRON, GENE HOFFMAN, ANDREW GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB FAMILY REVOCABLE LIVING TRUST, a Washington trust, and SECOND AMENDMENT FOUNDATION, a non-profit organization,

Plaintiffs,

v.

BOB FERGUSON, Attorney General of Washington (in his official capacity), WASHINGTON ATTORNEY GENERAL'S OFFICE, and JOHN R. BATISTE, Chief of the Washington State Patrol (in his official capacity), and DOES I-V,

Defendants.

Case No. 3:14-cv-06026 BHS

**PLAINTIFFS' RESPONSE TO CHERYL STUMBO, WASHINGTON ALLIANCE FOR GUN RESPONSIBILITY, AND EVERYTOWN FOR GUN SAFETY ACTION FUND FOR I-594'S MOTION TO INTERVENE AS DEFENDANTS**



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

The addition of the proposed intervenors as parties to this action will provide no assistance to the Court in determining the legal issues before it. Instead, the proposed intervenors pose a significant risk of redundancy, delay, and prejudice to all parties. The more appropriate and practical role for the proposed intervenors is as amici curiae, which would allow them to provide the Court with their largely irrelevant perspective on the initiative process without any of the risks associated with making them parties.

**ARGUMENT**

An applicant seeking permissive intervention must prove that it meets three threshold requirements: (1) the intervenor's claim or defense shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). But even if a proposed intervenor satisfies these requirements, the district court may be guided by practical and equitable considerations to exercise its discretion to deny the motion to intervene. *Id.* at 409 & 412. In particular, the Court should consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court may also consider whether the intervenors' interests are adequately represented by other parties. *See, e.g.*, *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955-56 (9th Cir. 2009) (upholding trial court's denial of permissive intervention because the proposed intervenors' interests were already adequately represented by the parties). Here, the proposed intervenors argue that because they were involved in sponsoring and campaigning for I-594, they can provide insight into the intent of the law that the parties cannot. However, the proposed intervenors fail to demonstrate that this contention is actually true or why it would necessitate their participation as parties.



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

As an initial matter, because I-594 is already in effect and Washington State is the proper party to defend the interpretation and enforcement of state law, any purported expertise related to the initiative process is more appropriately confined to an amicus curiae brief. *See, e.g., Haw. Floriculture & Nursery Ass'n*, 2014 U.S. Dist LEXIS 117141 (D. Haw. August 22, 2014) (denying permissive intervention and granting amicus status to proponents of an ordinance that was already in full effect); *U.S. v. Portland*, 2013 U.S. Dist. LEXIS 188465, at *24-26 (D. Or. Feb. 19, 2013) (denying permissive intervention and granting amicus status to inform the court on the proposed intervenor's positions, arguments, concerns, or perspectives). The sole legal question before the Court will be if the law, as currently enacted and enforced, is constitutional. There are no factual questions presented about the initiative process, such as whether the signatures were gathered correctly or how the initiative was presented to the public. Thus, the proposed intervenors' usefulness as parties in this case is extremely limited, if not completely irrelevant. *See Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) (upholding denial of permissive intervention where the question before the Court was a pure legal issue that would not be impacted by the proposed intervenor's thoughts on public policy). The proper role, if any, for the proposed intervenors is as amicus curiae. *Id.*

Moreover, Washington State serves as an imminently adequate defender of the constitutionality of I-594. To date, Washington State has entered four notices of appearance indicating that the case will be handled by the Solicitor General, two Deputy Solicitor Generals, and an Assistant Attorney General. There is no indication that, through these officials, Washington State will fail to thoroughly defend the statute. Nor is there any indication that the intervenors would present any additional evidence or arguments that Washington State would not. Even if the pre-enactment history of the initiative was relevant to its constitutionality, Washington State is entirely capable of presenting a factual record out of what is already widely



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

publicized knowledge. *See Perry*, 587 F.3d at 955-56 (holding that the parties were "capable of developing a complete factual record encompassing [the proposed intervenor's] interests"). Indeed, even if there were some knowledge or expertise necessary to defend the initiative process, which there is not, Washington State possesses it or could easily acquire it through discovery. *See Prete v. Bradbury*, 438 F. 3d 949, 958 (9th Cir. 2006) (noting that while proposed intervenors "may have some specialized knowledge into the signature gathering process, they provided no evidence to support their speculation that the Secretary of State lacks comparable expertise. To the contrary, defendant presumably is sufficiently acquainted with the signature gathering process and could also acquire additional specialized knowledge through discovery (e.g., by calling upon intervenor-defendants to supply evidence) or through the use of experts").

Finally, the proposed intervenors seek to use this case as a means to further their fundraising and public policy efforts outside the courtroom, presenting a significant risk that their participation will delay the case and prejudice the parties. Specifically, the Washington Alliance for Gun Responsibility has sent at least two fundraising emails announcing its motion to intervene. The first email, sent the day the motion to intervene was filed states: "It's official . . . We're In. We have formally filed papers to intervene . . . it's up to all of us to join in the fight. Make a donation right now. Let's build the 594 Legal Defense Fund." Declaration of Steven Fogg, Ex. A. The second email, sent a week later proclaimed "Getting sued is no fun. Most people try to avoid it. But not us", before asking for $35,000 in donations by the end of the day so it can "show the gun lobby that we won't back down!" Declaration of Steven Fogg, Ex. B. These emails demonstrate how problematic the proposed intervenors would be: Plaintiffs fear that I-594's extensive reach and vague wording will result in unconstitutional criminal sanctions and ask the Court to address these specific legal issues, while the Defendants are the properly designated government entities and officers responsible for defending the law to the



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

extent it can be defended. In contrast, the proposed intervenors seek to elbow their way into a case for which they are neither necessary nor helpful, in order to advance a separate public policy agenda. This incentive endangers the efficient and fair operation of the case by allowing the proposed intervenors to engage in redundant and potentially inflammatory discovery and motions simply so they can appease their benefactors and "earn" the money they have raised.

Notably, the proposed intervenors' extra-judicial incentive is especially problematic in a Section 1983 case where attorney's fees may be awarded. The current parties can efficiently choose the proper amount of discovery and motions practice necessary to adjudicate the issues, which is likely very little. In conducting this discovery and motions practice, the parties keep in mind that attorney's fees may be awarded to the prevailing party. However, if permissive intervention were allowed, the redundancy would not only defeat judicial economy, it would dramatically raise the parties' fees. This is problematic for at least two reasons. First, Plaintiffs may not be able to recover fees from an intervenor. *See, e.g.*, *Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 762 (1989) (declining to award fees against an intervenor because the losing intervenors were not found to have violated anyone's civil rights). Second, because of this, the intervenors' acts to increase the parties' fees could be passed onto the State and the people of Washington. *See, e.g.*, *Jenkins v. Missouri*, 967 F.2d 1248, 1250-52 (8th Cir. 1992) (upholding a trial court's order requiring Missouri to pay the attorney's fees that plaintiffs incurred in litigating against intervenors). Thus, the intervenors may engage in any number of time and resource consuming litigation activities, secure in the knowledge that the State will have to pick up the tab even if they are wrong.

**CONCLUSION**

The proposed intervenors have nothing to add to this case as a party except redundancy, delay, and potential prejudice. The legal issues before this Court do not require irrelevant input



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

from I-594's sponsors. There is no question that what little relevant evidence or issues that the proposed intervenors wish to advocate will be better presented through the adequate representation of Washington State. And should this Court wish to seek any guidance at all from the proposed intervenors beyond what the State deems worthy of inclusion as the defender of the law, it can always request a submission as amicus curiae. In short, while allowing intervention risks numerous dangers in exchange for little to no benefit, the intervenors' cause is not harmed by presenting as amicus curiae.

DATED this 9th day of March, 2015.

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

*/s/ Steven W. Fogg*
Steven W. Fogg, WSBA No. 23528
David B. Edwards, WSBA No. 44680
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Tel: (206) 625-8600
Fax: (206) 625-0900
Email: sfogg@corrcronin.com
dedwards@corrcronin.com

Mikolaj T. Tempski, WSBA No. 42896
Tempski Law Firm, PS
40 Lake Bellevue Dr., Suite 100
Bellevue, WA 98005
Email: miko@tempskilaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies as follows:

1. I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP, attorneys for Plaintiffs herein.

2. On March 9, 2015, I filed the foregoing document through the Court's ECF service which will send notification of filing to the following parties indicated below:

Noah G. Purcell, WSBA No. 43492
*Solicitor General*
noahp@atg.wa.gov
R. July Simpson, WSBA No. 45869
*Assistant Attorney General*
RJulyS@atg.wa.gov
Jeffrey T. Even, WSBA No. 20367
*Deputy Solicitor General*
jeffe@atg.wa.gov
Rebecca R. Glasgow, WSBA No. 32886
*Deputy Solicitor General*
RebeccaG@atg.wa.gov
Office of the Attorney General
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504-0100
*Attorneys for Defendants*

Paul J. Lawrence
Gregory J. Wong
Sarah S. Washburn
Pacifica Law Group LLP
1191 Second Avenue, Ste 2000
Seattle, WA 98101-3404
Paul.lawrence@pacificalawgroup.com
Greg.wong@pacificalawgroup.com
Sarah.washburn@pacificalawgroup.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED: March 9, 2015, at Seattle, Washington.

*/s/ Gina Chan*
Gina Chan



CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900