Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST SCHOOL OF SAFETY, a
Washington sole proprietorship, PUGET
SOUND SECURITY, INC., a Washington
corporation, PACIFICA NORTHWEST
ASSOCIATION OF INVESTIGATORS, INC.,
a Washington corporation, FIREARMS
ACADEMY OF SEATTLE, INC., a
Washington corporation, DARRYL LEE, XEE
DEL REAL, JOE WALDRON, GENE
HOFFMAN, ANDREW GOTTLIEB, ALAN
GOTTLIEB, GOTTLIEB FAMILY
REVOCABLE LIVING TRUST, a Washington
trust, and SECOND AMENDMENT
FOUNDATION, a non-profit organization,

                                        Plaintiffs,

        v.

BOB FERGUSON, Attorney General of
Washington (in his official capacity),
WASHINGTON ATTORNEY GENERAL'S
OFFICE, and JOHN R. BATISTE, Chief of the
Washington State Patrol (in his official
capacity), and DOES I-V,

                                        Defendants.

No. 3:14-cv-6026 BHS

CHERYL STUMBO, WASHINGTON
ALLIANCE FOR GUN
RESPONSIBILITY, AND
EVERYTOWN FOR GUN SAFETY
ACTION FUND FOR I-594'S REPLY
IN SUPPORT OF THEIR MOTION TO
INTERVENE AS DEFENDANTS

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

## I.   INTRODUCTION

Plaintiffs do not contest that Proposed Intervenors meet the threshold requirements for permissive intervention.[1]  And they acknowledge, as they must, that under such circumstances, this Court has the discretion to grant intervention.  Yet Plaintiffs urge this Court to deny intervention, relying on no more than inapposite case law and speculation.  None of the cases Plaintiffs cite involve intervention by the actual drafters and official proponents of an initiative, as is the case here.  Proposed Intervenors will bring unique insight to the litigation that the parties lack, and will help ensure that the interests of the voters are fully represented.  As for Plaintiffs' claims of potential prejudice and delay, they are based solely on speculation.  This Court should thus grant Proposed Intervenors' Motion to Intervene as Defendants.

## II.   ARGUMENT

At the outset, it is telling that Plaintiffs do not dispute that Proposed Intervenors meet the Ninth Circuit's threshold requirements for permissive intervention applicable here: (1) their defense shares common questions of law and fact with the main action, and (2) their motion is timely.  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).[2]  Thus, the Court has *broad* discretion in granting intervention.  *Doe v. Harris*, No. C12-5713 TEH, 2013 WL 140053, at *2 (N.D. Cal. Jan. 10, 2013).  Indeed, in this Circuit, similarly-situated sponsors of ballot initiatives are routinely permitted to intervene.  *See id.* (granting intervention to proponents of ballot measure); *see also, e.g.*, *Jackson v. Abercrombie*, 282 F.R.D. 507, 520 (D. Haw. 2012) (same); *Bates v. Jones*, 904 F. Supp. 1080, 1086 (N.D. Cal. 1995) (same); *see also Yniguez v. State of Arizona*, 939 F.2d 727, 733 (9th Cir. 1991) (observing that

---

[1] Proposed Intervenors incorporate the defined terms from their Motion to Intervene. Dkt. No. 14.
[2] The Ninth Circuit's third threshold requirement, "independent ground for jurisdiction," does not apply here, as Proposed Intervenors seek to intervene as Defendants and thus present no claims, but only defenses. *See Freedom from Religion Found., Inc.*, 644 F.3d at 843-44.

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 1
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

"[t]here is a virtual *per se* rule that the sponsors of a ballot initiative have a sufficient interest in the subject matter of litigation concerning that initiative to intervene"); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-29 (9th Cir. 1983) (granting intervention to a group that had "participated actively in the administrative process" leading to the Secretary of the Interior's actions establishing a wildlife preserve); *Washington State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 629-30 (9th Cir. 1982) (finding that the district court's denial of a motion to intervene by a public interest group that sponsored an initiative was error); *cert. denied*, 461 U.S. 913 (1982); *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (noting, "[T]he cases in which we have allowed public interest groups to intervene generally share a common thread . . . these groups were directly involved in the enactment of the law or in the administrative proceedings out of which the litigation arose.").

Plaintiffs ignore these cases and instead object to intervention on grounds that Proposed Intervenors' interests are adequately represented by the State and that intervention will cause undue delay or prejudice to the existing parties. Both of these arguments are without merit.

**A.     Proposed Intervenors have unique interests in this litigation.**

Plaintiffs focus primarily on only one of the *Spangler* discretionary factors—whether the intervenors' interests are adequately represented by existing parties. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Plaintiffs first mischaracterize the Proposed Intervenors' interests, claiming their involvement in I-594's passage was merely "sponsoring and campaigning for I-594." Dkt. No. 25 at 2. As discussed in detail in the Proposed Intervenors' Motion, the Proposed Intervenors were directly responsible for the creation of the Initiative, including <u>drafting</u> the Initiative as well as sponsoring and advocating for its passage both in the state legislature and with the people. Their specific involvement in drafting the Initiative makes them uniquely responsible for and invested in its success. Indeed, Proposed Intervenors' 18-month long involvement with the Initiative from genesis to voter

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 2
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

approval gives them unique insight into the Initiative's language and intent.  This insight will inform the legal issues before the Court.  Again, courts have granted permissive intervention to similarly situated groups.  *See Doe*, 2013 WL 140053 at *2 (granting permissive intervention to proponents of ballot measure); *Jackson*, 282 F.R.D. at 520 (same).

Plaintiffs next contend that because I-594 is already in effect and the State Attorney General is defending the Initiative, "any purported expertise related to the initiative process is more appropriately confined to an amicus curiae brief."  Dkt. No. 25 at 3.  First, as described above, Proposed Intervenors drafted the law and were its primary proponents for 18 months prior to its passage and the Attorney General's involvement.  Proposed Intervenors' interest and expertise therefore go beyond the "initiative process" and are relevant to the law itself.  Notably, the Attorney General does not oppose Proposed Intervenors' participation as defendants.

Second, the authorities Plaintiffs cite for this argument do not address initiatives by the people and are otherwise inapposite.  In *Hawai'i Floriculture & Nursery Association v. County of Hawai'i*, No. 14-00267, 2014 WL 4199342 (D. Haw. Aug. 22, 2014), the proposed intervenors were not the drafters or sponsors of the county ordinance they sought to defend, but rather a public interest organization and several individuals.  *Id*. at *1 & n.1.  Proposed Intervenors here are not similar mere supportive bystanders.  Plaintiffs also cite *U.S. v. Portland*, No. 3:12-cv-02265-SI, 2013 U.S. Dist. LEXIS 188465 (D. Or. Feb. 19, 2013).  But that case did not involve an initiative process or a challenge to legislation, but rather a suit brought by the United States against the City of Portland to remedy an alleged pattern of excessive force by the Portland Police Bureau toward individuals with mental illness.  *Id*. at *1-2, 17.  When a coalition of faith-based and community organizations dedicated to police reform sought to intervene as a plaintiff in the action, the district court denied permissive intervention in part because the coalition's "primary purpose in intervening appears to be to add into the case the issue of alleged unconstitutional practices by the Police Bureau relating to race" and "[t]his would impermissibly

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 3
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

1   expand the scope of the case as the United States, as Plaintiff, has chosen to frame it." *Id*. at \*26.

2   In contrast, here Proposed Intervenors do not seek to expand the scope of the litigation by

3   bringing new claims.

4     Finally, *Westlands Water District v. United States*, 700 F.2d 561 (9th Cir. 1983), another

5   case not involving an initiative, primarily analyzed intervention as of right and denied permissive

6   intervention without additional analysis. *Id*. at 563.  There, a nonprofit environmental protection

7   organization sought to intervene as a defendant in an action brought by a state water district

8   against the United States involving contract rights to water. *Id*. at 561-62.  In upholding the

9   district court's denial of intervention as of right, the Court of Appeals explained that the

10  nonprofit had no legally protectable interest supporting intervention as a party in a suit involving

11  rights under contracts to which it was not a party. *Id*. at 563.  Thus, the nonprofit had no interest

12  in the subject matter of the contract suit. *Id*.  In contrast, here Proposed Intervenors have a

13  significant interest in the legality of I-594.

14    Plaintiffs further argue that the State will adequately defend I-594's constitutionality.

15  But, again, the cases Plaintiffs cite are inapposite and none involve a proposed intervenor who

16  drafted the legislation at issue.  *See Prete v. Bradbury*, 438 F.3d 949, 952-52, 953-54 n.6 (9th

17  Cir. 2006) (case solely addressed intervention as of right; nevertheless, facts did not indicate that

18  proposed intervenors drafted the law at issue); *Perry v. Proposition 8 Official Proponents*, 587

19  F.3d 947, 949-50, 956 (9th Cir. 2009) (proposed intervenor was a public interest organization,

20  not the official proponent of proposition).  In contrast, courts have permitted intervention in

21  circumstances similar to these, even where the Attorney General is defending an initiative,

22  because "the participation of official proponents in a suit challenging a ballot initiative may help

23  ensure that the interests of the voters who approved the initiative are fully represented and that

24  'all viable legal arguments in favor of the initiative's validity are brought to the court's

25

26

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 4
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

attention.'" *Doe*, 2013 WL 140053, at *2 (quoting *Perry v. Brown*, 52 Cal.4th 1116, 1151, 134 Cal.Rptr.3d 499, 265 P.3d 1002 (2011)).

In sum, unlike the proposed intervenors in Plaintiffs' cited cases, Proposed Intervenors here played an integral role in drafting I-594 and have insight into the Initiative's language and intent not currently represented by the parties in this action.[3]

**B.     Plaintiffs' claims of delay and prejudice are speculative.**

Plaintiffs contend without explanation or factual support that Proposed Intervenors' participation will cause delay and prejudice to the original parties.  This argument lacks merit. First, Plaintiffs do not challenge the timeliness of Proposed Intervenors' Motion.  This concession undermines Plaintiffs' argument that Proposed Intervenors' participation will cause delay and prejudice.  *See Northwest Forest Res. Council*, 82 F.3d at 836-37 (existing parties are not prejudiced when a motion to intervene is filed before any substantive rulings by the court); *U.S. E.E.O.C. v. Global Horizons, Inc.*, CV. No. 11-00257 DAE-RLP, 2012 WL 874868, at *3 (D. Haw. Mar. 13, 2012) (finding no prejudice to existing parties where motion to intervene was timely filed: "Any undue delay or prejudice perceived here does not flow from the intervention….").

Second, Plaintiffs claim that permissive intervention will result in further delay and prejudice in that Proposed Intervenors "seek to use this case as a means to further their fundraising and public policy efforts," and may "engage in redundant and potentially inflammatory discovery and motions simply so they can appease their benefactors".  Dkt. No. 25

---

[3] Plaintiffs also cite *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998), for the unremarkable proposition that district courts have discretion to grant or deny permissive intervention.  The *Donnelly* court affirmed the district court's denial of permissive intervention where "the proposed [intervenor-plaintiffs'] and plaintiffs' claims share[d] no common factual proof," the proposed intervenors' interests were in direct conflict with the existing plaintiffs' interests resulting in prejudice to existing parties, and those differences would result in undue delay of the main action.  *Id.* at 412.  As discussed in Proposed Intervenors' Motion and in this Reply, none of the court's concerns in *Donnelly* are present here.

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 5
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

at 4, 5.  These speculative concerns have no basis in fact.  As the Proposed Intervenors argue in their Motion, they seek to intervene given their extensive involvement with I-594 and the significant interest of the voters in defending the law's constitutionality.  Proposed Intervenors have no interest in submitting irrelevant or redundant briefing.  Regardless, this Court is capable of managing the parties' submissions and argument.  *See Jackson*, 282 F.R.D. at 520 (granting permissive intervention to proponents of ballot measure and noting, "Plaintiffs need not be concerned about [proposed intervenors] injecting extraneous issues into this case as the Court is capable of preventing the introduction of such issues.").

Finally, Plaintiffs contend—again without support—that Proposed Intervenors' participation would "dramatically raise the parties' fees" and further imply that Proposed Intervenors have no incentive to keep costs down because "the State will have to pick up the tab."  Dkt. No. 25 at 5.  Plaintiffs fail to explain how the potential award of attorney's fees is relevant to the issues of delay or prejudice.  An award of attorney's fees is entirely separate from the question of intervention under Rule 24.  Plaintiffs do not cite a single case in which a court denied intervention based solely on the speculative award of attorney's fees later in the litigation. To the extent Plaintiffs attempt to argue that the State or the public will be prejudiced by the potential award of fees, their argument is misplaced.  The State does not oppose Proposed Intervenors' Motion on any grounds, much less the potential award of fees in Plaintiffs' favor. Plaintiffs' unsupported allegations provide no basis to deny permissive intervention.

### III.   CONCLUSION

Proposed Intervenors hold a unique interest in this litigation, and Plaintiffs offer no valid basis for denying permissive intervention.  Proposed Intervenors respectfully request this Court grant their Motion to Intervene as Defendants.

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 6
Case No. 3:14-cv-6026 BHS

20085 00004 ec13cq07hd.003

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1    DATED this 13th day of March, 2015.

2                                              PACIFICA LAW GROUP LLP

3

4                                              By   *s/ Gregory J. Wong*
                                                  Paul J. Lawrence, WSBA #13557
5                                                 Gregory J. Wong, WSBA # 39329
                                                  Sarah S. Washburn, WSBA # 44418
6

7                                              Attorneys for Proposed Intervenors Cheryl
                                               Stumbo, Washington Alliance for Gun
8                                              Responsibility, and Everytown for Gun Safety
                                               Action Fund for I-594
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 7
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 13th day of March, 2015, I electronically filed the foregoing

3

document with the United States District Court ECF system, which will send notification of such

4

filing to the following:

5
David B. Edwards
Steven W. Fogg
6
Corr Cronin Michelson Baumgardner & Preece
1001 4th Avenue
7
Suite 3900
Seattle, WA 98154-1051
8
Phone: 206.625.8600
Email: dedwards@corrcronin.com
9
Email: sfogg@corrcronin.com
10
*Attorneys for Plaintiffs*

Mikolaj T. Tempski
Tempski Law Firm PS
40 Lake Bellevue
Suite 100
Bellevue, WA 98005
Phone: 425.998.6203
Email: Miko@TempskiLaw.com

*Attorneys for Plaintiffs*

11
Jeffrey T. Evan
Noah Purcell
12
R. July Simpson
Rebecca Ripoli Glasgow
13
Solicitor General
Washington State Attorney General's Office
14
1125 Washington Street SE
PO Box 40100
15
Olympia, WA 98504-0100
Phone: 360-753-6200
16
Email: noahp@atg.wa.gov
Email: jeffe@atg.wa.gov
17
Email: RJulyS@atg.wa.gov
Email: RebeccaG@atg.wa.gov
18
*Attorneys for Defendants*
19

20

Signed at Seattle, Washington this 13th day of March, 2015.

21

PACIFICA LAW GROUP LLP

22

23

By   *s/ Gregory J. Wong*

Gregory J. Wong, WSBA # 39329
24
Attorneys for Proposed Intervenors

25

26

STUMBO, WAGR, AND EVERYTOWN'S REPLY IN
SUPPORT OF THEIR MOTION TO INTERVENE - 8
Case No. 3:14-cv-6026 BHS

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

20085 00004 ec13cq07hd.003