1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST SCHOOL OF SAFETY, a
Washington sole proprietorship, et al.,

              Plaintiffs,

      v.

BOB FERGUSON, Attorney General of
Washington (in his official capacity), et
al.,

             Defendants.

CASE NO. C14-6026 BHS

ORDER GRANTING MOTION
TO INTERVENE

     This matter comes before the Court on Proposed Intervenors Cheryl Stumbo,

Washington Alliance for Gun Responsibility, and Everytown for Gun Safety Action

Funds for I-594's (collectively "Stumbo") motion to intervene as defendants (Dkt. 14).

The Court has considered the pleadings filed in support of and in opposition to the

motion and the remainder of the file and hereby grants the motion for the reasons stated

herein.

## I. PROCEDURAL HISTORY

     On December 30, 2015, Plaintiffs Northwest School of Safety, Puget Sound

Security, Inc., Pacific Northwest Association of Investigators, Inc., Firearms Academy of

Seattle, Inc., Darryl Lee, Xee Del Real, Joe Waldron, Gene Gottlieb, Andrew Gottlieb,

1  Alan Gottlieb, Gottlieb Revocable Living Family Trust, and Second Amendment

2  Foundation (collectively "Northwest School") filed a complaint for an order enjoining

3  Defendants Bob Ferguson, John R. Batiste, and Does I-V (collectively "Ferguson") from

4  enforcing Initiative to the Legislature No. 594's ("I-594") amendments to RCW 9.41 for

5  invalidity for vagueness and infringement on constitutional rights.  Dkt. 1 at 2.

6       On January 27, 2015, Ferguson answered.  Dkt. 10.

7       On February 23, 2015, Stumbo filed a motion to intervene.  Dkt. 14.  On the same

8  day, Stumbo, as a proposed intervenor, also filed an answer.  Dkt. 19.

9       On March 5, 2015, Ferguson filed a motion to dismiss.  Dkt. 23.

10       On March 9, 2015, Northwest School filed a response to Stumbo's motion to

11  intervene.  Dkt. 25.  On March 13, 2015, Stumbo replied.  Dkt. 28.

12  **II. FACTUAL BACKGROUND**

13       Northwest School challenges the enforcement of I-594 on the grounds that its

14  amendments violate the Second and Fourteenth Amendments of the United States

15  Constitution and Sections 3 and 24 of Article I of the Washington State Constitution.

16  Dkt. 1 at 2.  I-594 requires a background check on all transfers, including non-

17  commercial transfers, of firearms in Washington.  Plaintiffs are various firearms safety

18  schools, private security firms, and a trust that routinely exchange firearms amongst its

19  members.  *Id.*

20       The Stumbo intervenors are the principal parties behind the drafting of and

21  campaign for I-594, including its Citizen-Sponsor, its registered ballot committee and

22

1 │ campaign, and a Washington State ballot committee established to pass I-594.  Dkt. 14 at

2 │ 3.

3 │ ### III. DISCUSSION

4 │      Northwest School objects to the addition of Stumbo to this action under the

5 │ permissive intervention rule, Fed. R. Civ. P. 24(b).  Dkt. 25 at 2.  Northwest School

6 │ argues that Stumbo poses a significant risk of redundancy, delay, and prejudice to all

7 │ parties.  Finally, Northwest School contends that Stumbo is more appropriately included

8 │ as amici curiae.  *Id.*

9 │      Permissive intervention is available to any party at the Court's discretion.  In

10 │ relevant part, Fed. R. Civ. P. 24(b) provides:

11 │      (1) . . . On timely motion, the court may permit anyone to intervene
   │ who: (A) is given a conditional right to intervene by a federal statute; or (B)
12 │ has a claim or defense that shares with the main action a common question
   │ of law or fact.
13 │             * * *
   │      (3) . . . In exercising its discretion, the court must consider whether
14 │ the intervention will unduly delay or prejudice the adjudication of the
   │ original parties' rights.
15 │ Fed. R. Civ. P. 24(b).  The Court will analyze whether Stumbo has timely filed their

16 │ motion to intervene, whether they share a common question of law or fact with the main

17 │ action, and whether the additional parties would create an undue delay or prejudice to the

18 │ original parties' rights.

19 │      Determination of the timeliness of a motion to intervene depends upon (1) "the

20 │ stage of the proceeding," (2) "the prejudice to other parties," and (3) "the reason for and

21 │ length of the delay."  *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007).  Stumbo has

22 │

1    moved to intervene within two months of Northwest School's first complaint.  Dkts. 1 &

2    14.  Stumbo's motion was filed after Ferguson's answer to the complaint, but before their

3    motion to dismiss.  Dkts. 10 & 23.  The Court finds that there is no prejudice to the other

4    parties because the motion is filed very early in the proceedings and that there has been

5    no delay by Stumbo to file their motion.  Therefore, the motion is timely.

6        The next issue is whether Stumbo shares a common question of fact or law with

7    the main action in the suit.  Stumbo asserts that, as the principal parties behind drafting of

8    and campaigning for I-594, they share a common question of law or fact with the main

9    defense in the action.  The main action in the case is a declaration that the I-594

10    amendments are unconstitutional both facially and as applied.  Dkt. 1 at 2–3.  Because the

11    Stumbo parties are citizens and organizations operating in Washington State, the Court

12    finds that they have substantial rights to defend.

13        The last issue is whether the addition of the proposed intervenors will cause undue

14    delay or prejudice to the parties.  Northwest School cites emails written by a Stumbo

15    intervenor as evidence that their participation will prejudice the parties.  Dkt. 25 at 4.

16    These emails contain statements designed to inspire members to donate to the intervening

17    organization for their participation in this lawsuit.  The Court does not find that these

18    statements establish a substantial concern for prejudice.

19        Northwest School also cites to Eighth Circuit law that a state may be required to

20    pay attorney's fees for a plaintiff's efforts to litigate against an intervenor.  *Id.* at 5.

21    Northwest School suggests that the risk of increased litigation fees for the state is an issue

22    for the Court to consider here.  However, Northwest School does not present authority,

ORDER - 4

1   and the Court is unaware of any, that this reason can be used to exclude an otherwise

2   proper intervenor.

3         Northwest School cites to *Perry v. Proposition 8 Official Proponents*, 587 F.3d

4   947 (9th. Cir 2009), for authority that the proposed intervenor's rights were already

5   represented by existing parties.  *Id.* at 2.  There, a group of campaigners ("the

6   Campaign") for Proposition 8 ("Prop. 8") attempted to intervene after Prop. 8's

7   proponents ("Proponents") had already successfully intervened because the proper

8   government officials in the suit declined to defend the proposition.  The Campaign's

9   motion to intervene was denied by the district court, and again on appeal.

10        Northwest School compares Stumbo's role here with that of the Campaign in

11  *Perry.*  The facts in that case are distinguishable from this suit.  Here, no other non-

12  governmental organization has already intervened.  Therefore, no other party makes

13  Stumbo's intervention redundant.  Moreover, Northwest School does not compare

14  Stumbo's role with that of the Proponents in the Prop. 8 case, who were added as

15  intervenors.  The Court identifies the Prop. 8 Proponents more closely with Stumbo than

16  with the Campaign, because Stumbo and the Proponents are both the first intervening

17  parties.  Since the Proponents were allowed to intervene, albeit unopposed, *Perry* works

18  against Northwest School's position.

19

20

21

22

ORDER - 5

1

**IV. ORDER**

2        Therefore, it is hereby **ORDERED** that Stumbo's motion to intervene (Dkt. 14) is

3   **GRANTED.**

4         Dated this 23rd day of March, 2015.

5

6   _____
    BENJAMIN H. SETTLE

7   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22