Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORTHWEST SCHOOL OF SAFETY, a
Washington sole proprietorship, PUGET
SOUND SECURITY, INC., a Washington
corporation, PACIFICA NORTHWEST
ASSOCIATION OF INVESTIGATORS, INC.,
a Washington corporation, FIREARMS
ACADEMY OF SEATTLE, INC., a
Washington corporation, DARRYL LEE, XEE
DEL REAL, JOE WALDRON, GENE
HOFFMAN, ANDREW GOTTLIEB, ALAN
GOTTLIEB, GOTTLIEB FAMILY
REVOCABLE LIVING TRUST, a Washington
trust, and SECOND AMENDMENT
FOUNDATION, a non-profit organization,

                    Plaintiffs,

    v.

BOB FERGUSON, Attorney General of
Washington (in his official capacity),
WASHINGTON ATTORNEY GENERAL'S
OFFICE, and JOHN R. BATISTE, Chief of the
Washington State Patrol (in his official
capacity), and DOES I-V,

                    Defendants.

No. 3:14-cv-6026 BHS

INTERVENOR-DEFENDANTS'
ANSWER TO COMPLAINT

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 1
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Intervenor-Defendants Cheryl Stumbo, Washington Alliance for Gun Responsibility, and Everytown For Gun Safety Action Fund for I-594 (collectively, "Intervenor-Defendants") answer the Complaint of Northwest School of Safety, Puget Sound Security, Inc., Pacific Northwest Association of Investigators, Inc., Firearms Academy of Seattle, Inc., Darryl Lee, Xee Del Real, Joe Waldron, Gene Hoffman, Andrew Gottlieb, Alan Gottlieb, Gottlieb Family Revocable Living Trust, and Second Amendment Foundation (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.      The allegations in paragraph 1 attempt to characterize the contents of the Complaint, to which Intervenor-Defendants answer that the document speaks for itself and therefore deny the same.

2.      The allegations in paragraph 2 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 2.

3.      The allegations in the first two sentences of paragraph 3 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first two sentences of paragraph 3.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the third sentence of paragraph 3, which shall have the effect of a denial.

4.      The allegation in paragraph 4 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 4.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 2
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**THE PARTIES**

5.      Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 5, which shall have the effect of a denial.

6.      The allegations in the second sentence of paragraph 6 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the second sentence of paragraph 6.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 6, which shall have the effect of a denial.

7.      The allegations in the third and fourth sentences of paragraph 7 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the third and fourth sentences of paragraph 7.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 7, which shall have the effect of a denial.

8.      Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 8, which shall have the effect of a denial.

9.      Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 9, which shall have the effect of a denial.

10.      The allegations in the fifth sentence of paragraph 10 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fifth sentence of paragraph 10.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 10, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 3
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

11.     The allegations in the fifth and eighth sentences of paragraph 11 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fifth and eighth sentences of paragraph 11. Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 11, which shall have the effect of a denial.

12.     The allegations in the fourth sentence of paragraph 12 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 12.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 12, which shall have the effect of a denial.

13.     The allegations in the fourth sentence of paragraph 13 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 13.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 13, which shall have the effect of a denial.

14.     The allegations in the fourth sentence of paragraph 14 contain legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the fourth sentence of paragraph 14.  Intervenor-Defendants lack sufficient information upon which to admit or deny the remaining allegations in paragraph 14, which shall have the effect of a denial.

15.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 15, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 4
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

16. Intervenor-Defendants admit that Bob Ferguson is the Attorney General of the State of Washington. The remainder of paragraph 16 contains allegations as to which Intervenor-Defendants lack sufficient information upon which to admit or deny, or allegations that constitute legal conclusions to which no response is required, which shall have the effect of a denial.

17. Intervenor-Defendants admit that the Washington Attorney General's Office is an agency of the State of Washington, headed by the Attorney General. The remaining allegations in paragraph 17 constitute legal conclusions to which no response is required. To the extent an answer is deemed required, Intervenor-Defendants deny the remaining allegations in paragraph 17.

18. Intervenor-Defendants admit that John R. Batiste is Chief of the Washington State Patrol. The remainder of paragraph 18 contains allegations as to which Intervenor-Defendants lack sufficient information upon which to admit or deny, or allegations that constitute legal conclusions to which no response is required, which shall have the effect of a denial.

19. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the first two sentences of paragraph 19, which shall have the effect of a denial. Intervenor-Defendants deny the third sentence of paragraph 19, as the Federal Rules of Civil Procedure govern the amendment of pleadings.

20. Paragraph 20 requires no response. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the footnote to paragraph 20, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 5
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1

**JURISDICTION AND VENUE**

2

21.     The allegation in paragraph 21 constitutes a legal conclusion, to which no

3

response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

4

the allegation in paragraph 21.

5

22.     The allegation in paragraph 22 constitutes a legal conclusion, to which no

6

7

response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

8

the allegations in paragraph 22.

9

23.     The allegation in paragraph 23 constitutes a legal conclusion, to which no

10

response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

11

the allegation in paragraph 23.

12

**STATEMENT OF FACTS**

13

**I-594**

14

15

*Enactment of I-594*

16

24.     Intervenor-Defendants admit that I-594 went into effect on December 4, 2014.  To

17

the extent the allegation in paragraph 24 attempts to characterize the provisions of I-594,

18

Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the

19

same.

20

25.     To the extent the allegations in paragraph 25 attempt to characterize the

21

provisions of I-594, Intervenor-Defendants answer that those provisions speak for themselves

22

and therefore deny the same.  Intervenor-Defendants admit that the language of I-594 contains,

23

in part, the language quoted in subsections (a) and (b) of paragraph 25, with the exception that

24

25

26

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 6
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

the quote in paragraph 25(b) includes a comma between the words "payment" and "including" that is not included in I-594's original language.

*Interpretation and Enforcement of I-594*

26.     Intervenor-Defendants admit that the Washington State Patrol issued a statement regarding I-594.  The remaining allegations in paragraph 26 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

27.     Intervenor-Defendants admit that the Washington Department of Fish and Wildlife issued a statement regarding I-594.  The remaining allegations in paragraph 27 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

28.     Intervenor-Defendants admit that the Washington Department of Licensing issued a statement regarding I-594.  The remaining allegations in paragraph 28 attempt to characterize the contents of that statement, to which Intervenor-Defendants answer that the statement speaks for itself and therefore deny the same.

29.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 29, which shall have the effect of a denial.

**<u>Washington's Firearm Licenses</u>**

30.     The allegation in paragraph 30 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 30.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 7
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

1       31.    Intervenor-Defendants lack sufficient information upon which to admit or deny

2   the allegation in paragraph 31 regarding firearm licenses relevant to Plaintiffs, which shall have

3   the effect of a denial.  The remainder of paragraph 31 constitutes a legal conclusion to which no

4   response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny

5   the allegation in paragraph 31.

6   *CPL*

7

8       32.    The allegations in paragraph 32 constitute legal conclusions to which no response

9   is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

10  allegations in paragraph 32.  Further, to the extent the allegations in paragraph 32 attempt to

11  characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions

12  speak for themselves and therefore deny the same.

13  *Washington Armed Private Security Guard and Private Investigator Licenses*

14

15      33.    The allegations in paragraph 33 constitute legal conclusions to which no response

16  is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

17  allegations in paragraph 33.  To the extent the allegations in paragraph 33 attempt to characterize

18  the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for

19  themselves and therefore deny the same.

20      34.    The allegations in paragraph 34 constitute legal conclusions to which no response

21  is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the

22  allegations in paragraph 34.  Further, to the extent the allegations in paragraph 34 attempt to

23  characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions

24  speak for themselves and therefore deny the same.

25

26

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 8
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

35.     The allegations in paragraph 35 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 35.  Further, to the extent the allegations in paragraph 35 attempt to characterize the provisions of the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

*Federal Law Enforcement Officers' Safety Act*

36.     The allegations in paragraph 36 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 36.  Further, to the extent the allegations in paragraph 36 attempt to characterize the provisions of 18 U.S.C. § 926C and the RCW, Intervenor-Defendants answer that those provisions speak for themselves and therefore deny the same.

### I-594's Infringement on Constitutional Rights

*Second Amendment*

37.     The allegations in paragraph 37 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 37.

38.     The allegations in the first and third sentences of paragraph 38 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first and third sentences of paragraph 38. Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the second sentence of paragraph 38, which shall have the effect of a denial.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 9
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

39.     The allegations in paragraph 39 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 39.

40.     The allegations in paragraph 40 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 40.

41.     The allegations in the first, second, third, and fifth sentences of paragraph 41 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in the first, second, third, and fifth sentences of paragraph 41.  Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in the fourth sentence of paragraph 41, which shall have the effect of a denial.

42.     The allegations in paragraph 42 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 42.

43.     The allegation in paragraph 43 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 43.

*Vagueness*

44.     The allegation in paragraph 44 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 44.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 10
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

45.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 45 regarding Plaintiffs' understanding of I-594, which shall have the effect of a denial.  Further, the allegations in paragraph 45 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 45.

46.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 46 regarding Plaintiffs' understanding of I-594, which shall have the effect of a denial.  Further, the allegations in paragraph 46 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 46.

47.     Intervenor-Defendants lack sufficient information upon which to admit or deny the allegations in paragraph 47, which shall have the effect of a denial.

48.     The allegations in paragraph 48 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 48.

## CAUSES OF ACTION

### Count I – Right to Keep and Bear Arms – U.S. Constitution, Amendments II and XIV; WA Constitution, Art. I, Section 24, and 42 U.S.C. § 1943

49.     Intervenor-Defendants incorporate their answers as set forth above.

50.     Intervenor-Defendants admit that the first sentence of paragraph 50 accurately quotes the Second Amendment of the United States Constitution.  To the extent the allegations in sentences two through five of paragraph 50 attempt to characterize the *District of Columbia v. Heller* and *Peruta v. County of San Diego* cases, Intervenor-Defendants answer that those cases

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 11
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

speak for themselves and therefore deny the same.  Further, any characterization of those cases constitutes a legal conclusion to which no response is required.  The allegation in the final sentence of paragraph 50 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in the final sentence of paragraph 50.

51.     The allegation in paragraph 51 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 51.

52.     The allegation in paragraph 52 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 52.  Intervenor-Defendants deny that the quote from Article I, Section 24 of the Washington State Constitution is accurate.

53.     The allegations in paragraph 53 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 53.

54.     The allegations in paragraph 54 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 54.

55.     The allegations in paragraph 55 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 55.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 12
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

## Count II – Void for Vagueness –
## U.S. Constitution, Amendment XIV and WA Constitution, Art. I, Section 3

56.     Intervenor-Defendants incorporate their answers as set forth above.

57.     The allegations in paragraph 57 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 57.

58.     Intervenor-Defendants admit that paragraph 58 accurately quotes Article I, Section 3 of the Washington State Constitution.  The remainder of paragraph 58 constitutes a legal conclusion to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegation in paragraph 58.

59.     The allegations in paragraph 59 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 59.

60.     The allegations in paragraph 60 constitute legal conclusions to which no response is required.  To the extent an answer is deemed required, Intervenor-Defendants deny the allegations in paragraph 60.

### PRAYER FOR RELIEF

No response is required to Plaintiffs' prayer for relief.  To the extent that a response may be deemed to be required, Intervenor-Defendants deny that Plaintiffs' allegations are proper or that they are entitled to any of the relief they seek.

Any allegation set forth in the Complaint not specifically admitted in the Answer is denied.

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 13
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

**Intervenor-Defendants' Affirmative Defenses**

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs lack standing to bring this action.

3.      Plaintiffs' claims are not ripe for review.

4.      Plaintiffs fail to set forth irreparable harm or any other basis on which to grant injunctive relief.

5.      Intervenor-Defendants reserve the right to assert additional defenses, counterclaims, cross claims, or third-party claims as this matter progresses.

**Intervenor-Defendants' Request for Relief**

Having fully answered Plaintiffs' Complaint and having asserted affirmative defenses, Intervenor-Defendants respectfully request the following relief:

1.      Judgment in favor of Defendants and Intervenor-Defendants dismissing all of Plaintiffs' claims and requests for relief.

2.      Any further relief that this Court deems just and equitable.

DATED this 27th day of March, 2015.

PACIFICA LAW GROUP LLP

By   /s/ Gregory J. Wong
      Paul J. Lawrence, WSBA #13557
      Gregory J. Wong, WSBA # 39329
      Sarah S. Washburn, WSBA # 44418

Attorneys for Intervenor-Defendants Cheryl
Stumbo, Washington Alliance for Gun
Responsibility, and Everytown for Gun Safety
Action Fund for I-594

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 14
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2015, I electronically filed the foregoing

document with the United States District Court ECF system, which will send notification of such

filing to the following:

David B. Edwards
Steven W. Fogg
Corr Cronin Michelson Baumgardner & Preece
1001 4th Avenue, Suite 3900
Seattle, WA 98154-1051
Email: dedwards@corrcronin.com
Email: sfogg@corrcronin.com

*Attorneys for Plaintiffs*

Jeffrey T. Evan
Noah Purcell
R. July Simpson
Rebecca Ripoli Glasgow
Solicitor General
Washington State Attorney General's Office
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
Email: noahp@atg.wa.gov
Email: jeffe@atg.wa.gov
Email: RJulyS@atg.wa.gov
Email: RebeccaG@atg.wa.gov

*Attorneys for Defendants*

Mikolaj T. Tempski
Tempski Law Firm PS
40 Lake Bellevue, Suite 100
Bellevue, WA 98005
Email: Miko@TempskiLaw.com

*Attorneys for Plaintiffs*


Signed at Seattle, Washington this 27th day of March, 2015.

_Katie Dillon_

INTERVENOR-DEFENDANTS' ANSWER TO
COMPLAINT - 15
Case No. 3:14-cv-6026 BHS

20085 00004 eb113x07k8.004

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.17500