The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| NORTHWEST SCHOOL OF SAFETY, a Washington sole proprietorship, PUGET SOUND SECURITY, INC., a Washington corporation, PACIFIC NORTHWEST ASSOCIATION OF INVESTIGATORS, INC., a Washington corporation, FIREARMS ACADEMY OF SEATTLE, INC., a Washington corporation, DARRYL LEE, XEE DEL REAL, JOE WALDRON, GENE HOFFMAN, ANDREW GOTTLIEB, ALAN GOTTLIEB, GOTTLIEB FAMILY REVOCABLE LIVING TRUST, A Washington trust, and SECOND AMENDMENT FOUNDATION, a non-profit organization,<br>                    Plaintiffs,<br>v.<br><br>BOB FERGUSON, Attorney General of Washington (in his official capacity), WASHINGTON ATTORNEY GENERAL'S OFFICE, and JOHN R. BATISTE, Chief of the Washington State Patrol (in his official capacity), and DOES I-V,<br>                    Defendants,<br><br>and<br><br>CHERYL STUMBO, WASHINGTON ALLIANCE FOR GUN RESPONSIBILITY AND EVERYTOWN FOR GUN SAFETY ACTION FUND FOR I-594,<br>                    Intervenor-Defendants | NO. 3:14-cv-6026 BHS<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER |

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    The parties hereby stipulate to the following provisions regarding the discovery of
2 electronically stored information ("ESI") and disclosure of privileged information in this
3 matter:

## I. PROVISIONS RELATING TO ESI

### A. General Principles

1.  An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.  The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

### B. Preservation of ESI

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.  All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (B)(3) or (C) (1)-(2) below).

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics;

    b. Random access memory (RAM), temporary files or other ephemeral data that are difficult to preserve without disabling the operating system;

    c. On-line access data such a temporary internet files, history, cache, cookies, and the like;

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (C)(5));

    e. Back-up data that are substantially duplicative of data that are more accessible elsewhere;

    f. Server, system or network logs;

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use;

    h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided* that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

C. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> Other than in providing initial discovery pursuant to FRCP 26(b)(5)(A), the parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer-aided methodology.

3. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

4. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need to be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc, title/subject; file name and size, original file path; date and time created, sent, modified and/or received; and hash value.

## II. PROVISIONS RELATING TO DISCLOSURE OF PRIVILEGED INFORMATION

**A.  Applicability**

This order shall apply to all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively, "Information).

**B.  Production of Discovery Materials Containing Potentially Privileged Information**

1. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without the appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

2. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver

4

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

of privilege or protection from discovery in this case or in any future federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. The parties agree that documents created in the ordinary course of business and then subsequently identified as being responsive to a discovery request but protected by the attorney-client or other privilege, or needing to have privileged material redacted, will be identified on a privilege log, which will include a reference to the asserted privilege pursuant to FRCP 26(b)(5)(A). However, documents created for the sole purpose of responding to this lawsuit, such as attorney communications with the client and client communications to their attorney in order to gather information to answer discovery requests, file or respond to motions, or that reflect discussions of this lawsuit do not need to be identified on a privilege log as these documents are obviously protected by the attorney-client privilege and/or attorney work product doctrine and were created for the sole purpose of managing this particular lawsuit.

4. Before the production of documents, the parties agree to use their best efforts to identify privileged or attorney work product documents.

5. A party asserting a claim of privilege or attorney work product after production must give prompt notice to the receiving party. The notice shall be in writing unless the circumstances preclude such notice (*e. g.*, when a claim of privilege is asserted during a deposition). The notice shall specifically identify the document(s) or portions of a document for which the claim of privilege is asserted, and state the basis for the claim.

6. Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such Information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such Information for any purpose, except as provided in the next paragraph below, until further Order of the Court. The receiving party shall also attempt,

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200

1 | in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

2 | 7. The receiving party may contest the privilege or work product designation by the producing party, shall give the producing party notice of the reason for said disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. The receiving party shall within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed documents shall be returned.

8. The receiving party shall immediately place in sealed envelopes any analyses, memoranda or notes which were internally generated based upon such produced information, and shall be destroyed if (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose if (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the Information is not privileged.

9. Nothing in this Order limits a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

STIPULATED TO this 29th day of April 2015.

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

s/ David Edwards
STEVEN W. FOGG, WSBA # 23528

ROBERT W. FERGUSON
*Attorney General*

s/Jeffrey T. Even
NOAH G. PURCELL, WSBA # 43492

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

| | | |
|---|---|---|
| 1 | DAVID B. EDWARDS, WSBA # 44680 | *Solicitor General* |
| 2 | | JEFFREY T. EVEN, WSBA # 20367 |
| | Attorneys for Plaintiffs | REBECCA R. GLASGOW, WSBA # 32886 |
| 3 | | *Deputy Solicitors General* |
| 4 | | R. JULY SIMPSON, WSBA # 45869 |
| | | *Assistant Attorney General* |

Attorneys For Defendants Bob Ferguson, Attorney General Of Washington, Washington Attorney General's Office, and John R. Batiste, Chief Of The Washington State Patrol

PACIFICA LAW GROUP LLP

s/Gregory J. Wong
PAUL J. LAWRENCE, WSBA # 13557
GREGORY J. WONG, WSBA # 39329
SARAH S. WASHBURN, WSBA # 44418
Attorneys for Intervenors

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED:

_____
The Honorable Benjamin H. Settle
United States District Court Judge

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## Certificate of Service

I certify, under penalty of perjury under the laws of the state of Washington, that I electronically filed a true and correct copy of the foregoing document with the United States District Court ECF system, which will send notification of the filing to the following:

| | |
|---|---|
| David B. Edwards<br>Steven W. Fogg<br>Corr Cronin Michelson Baumgardner & Preece<br>1001 4th Avenue, Suite 3900<br>Seattle, WA 98154-1051<br>Phone: 206.625.8600<br>dedwards@corrcronin .com<br>sfogg@corrcronin.com | Mikolaj T. Tempski<br>Tempski Law Firm PS<br>40 Lake Bellevue, Suite 100<br>Bellevue, WA 98005<br>Phone: 425.998.6203<br>Email: Miko@TempskiLaw.com |
| Gregory J. Wong<br>Paul J. Lawrence<br>Sarah S. Washburn<br>Pacifica LAw Group, LLP<br>1191 Second Avenue, Suite 2000<br>Seattle Washington 98101-3404<br>paul.lawrence@pacificalawgroup.com<br>greg.wong@pacificalawgroup.com<br>sarah.washburn@pacificalawgroup.com | |

DATED this 29th day of April 2015, at Olympia, Washington.

s/ Stephanie N. Lindey
STEPHANIE N. LINDEY
Legal Secretary

AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND
[PROPOSED] ORDER

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA  98504-0100
(360) 753-6200